OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Gutierrez, Appellant, v. Police and Firemen's Disability and Pension Fund of Ohio et al., Appellees.
[Cite as Gutierrez v. Police & Firemen's Disability & Pension Fund of Ohio (1994),    Ohio St.3d    .]
Police and Firemen's Disability and Pension Fund -- Application for disability benefits filed after leaving police department -- If police officer is member of fund at time he is permanently and totally disabled in the performance of his official duties, he is entitled to commence participation in the fund at any time thereafter -- "Member of the fund," as defined in R.C. 742.01(E), construed.
(No. 93-1393 -- Submitted May 17, 1994 -- Decided September 28, 1994.)

Appeal from the Court of Appeals for Franklin County, No. 93AP-59.

On August 1, 1966, plaintiff-appellant, Anthony Gutierrez, began employment as a full-time police officer with the city of Youngstown Police Department. Years later, on October 21, 1981, Gutierrez sustained an injury while in the performance of his official duties, which he claims rendered him permanently and totally disabled with respect to his serving as a police officer. A little more than a year after his injury, on December 6, 1982, Gutierrez was terminated as an employee of the police department for conduct unbecoming an officer.

On June 20, 1990, seven and one-half years after being terminated from the police department, Gutierrez filed an application for disability retirement benefits with defendant-appellee, Police and Firemen's Disability and Pension Fund of Ohio ("fund"). The fund administratively denied Gutierrez's application, claiming that only members of the fund can apply for benefits and that, pursuant to R.C. 742.01(E), Gutierrez's membership in the fund ceased twelve months after his termination. The fund deemed Gutierrez not to be a member of the fund and hence ineligible for benefits when he filed his application on June 20, 1990.

After exhausting his administrative appeals, Gutierrez filed a complaint in Franklin County Court of Common Pleas against the fund and its board of trustees, seeking a declaration that he was

a member of the fund at all material times and that his application for disability retirement benefits from the fund was in accordance with Ohio law.  A referee, however, agreed with the reasoning expressed by the fund in administratively denying Gutierrez's application for benefits, and recommended that the fund's cross-motion for summary judgment be sustained.  The trial court adopted the referee's recommendation and the court of appeals affirmed.

The matter is now before this court pursuant to the allowance of a motion to certify the record.

McLaughlin, McNally & Carlin, Clair M. Carlin and John A. McNally III, for appellant.

Lee Fisher, Attorney General, and Doug S. Musick, Assistant Attorney General, for appellees.

Pfeifer, J.  In this case we must decide whether an application to participate in the Police and Firemen's Disability and Pension Fund pursuant to R.C. 742.37(C)(2) must be made while the applicant is a "member of the fund" as defined in R.C. 742.01(E).  We hold that if a police officer is a member of the fund at the time he is permanently and totally disabled in the performance of his official duties he is entitled to commence participation in the fund at any time thereafter.

R.C. 742.37(C)(2) is the focus of this case.  It provides in relevant part:

"A member of the fund who is permanently and totally disabled as the result of the performance of his official duties as a member of a police or fire department of a municipal corporation or a fire department of a township shall be paid annual disability benefits until death * * *."

The fund argues that under R.C. 742.37(C)(2) an applicant must be a "member of the fund" in order to be eligible to apply for disability benefits.  Because Gutierrez did not meet any of the definitions of fund membership at the time of his application, the fund claims that he was ineligible to apply and that it could not consider his application.

However, whether Gutierrez was a member of the fund at the time of his application is irrelevant.  R.C. 742.37(C)(2) requires only that the applicant be a member of the fund at the time of the injury to be eligible for benefits.  R.C. 742.37(C)(2) in effect provides that a member of the fund who is permanently and totally disabled while performing his official duties is entitled to benefits for life.  The statute reflects the obvious intent of the General Assembly to support police officers and firefighters who are struck down in the line of duty.  The officer receives benefits because of the injury -- not because of some contingency after the injury.

The fund has read into R.C. 742.37(C)(2) an eligibility requirement that is just not there, and thus improperly failed to consider Gutierrez's application.  The fund does not dispute that Gutierrez was injured in the performance of his duties, and thus must at least consider his application.  Whether he is eligible for benefits depends on the fund's determination of whether Gutierrez's injury permanently and totally disabled him, pursuant to R.C. 742.01(F) and (G).

Accordingly, we reverse the judgment of the court of appeals

and remand the cause to the trial court for further proceedings consistent with this decision.

Judgment reversed<br>and cause remanded.

A.W. Sweeney, Douglas and Resnick, JJ., concur.

Moyer, C.J., Wright and F.E. Sweeney, JJ., dissent.

Wright, J., dissenting.     Reduced to its simplest form, the question presented here is whether injured police or fire department employees who later leave the department have a finite or an unlimited period of time in which to file for disability benefits under the Police and Firemen's Disability and Pension Fund.  Pursuant to a plain reading of R.C. 742.01(E) and 744.37(C)(2), I am convinced that the General Assembly intended to limit that period of time to twelve months.  Therefore, I respectfully dissent.

In asserting a right to benefits Gutierrez relies exclusively on R.C. 742.37(C)(2).  That provision in relevant part states:

"A member of the fund who is permanently and totally disabled as the result of the performance of his official duties as a member of a police or fire department of a municipal corporation or a fire department of a township shall be paid annual disability benefits until death ***."

That provision, however, must be read in pari materia with former R.C. 742.01(E), which defines the phrase "member of the fund."  R.C. 742.01(E) specifically defines a "member of the fund" to be "any person *** who is contributing a percentage of his annual salary to the police and firemen's disability and pension fund or who is receiving a disability benefit or pension from such fund as a result of service in a police or fire department ***.  A contributor who is dismissed, resigns, or is granted a leave of absence from a police or fire department shall be considered a 'member of the fund' for a period of twelve months *** [thereafter]."  (Emphasis added.)  142 Ohio Laws, Part II, 3063.

I find former R.C. 742.01(E) unambiguous and dispositive.  When the legislature drafted R.C. Chapter 742 and included the phrase "member of the fund" throughout, it clearly intended that phrase to have a precise definition which limited membership in the fund to a finite period of time following certain types of separation from service.  Thus, by specifying in R.C. 742.37(C)(2) that a member of the fund shall be paid disability benefits, the legislature manifested its intent to limit the eligibility of those who would file for benefits under that provision to the statutory definition of "member of the fund" found in R.C. 742.01(E).  Unfortunately, I can determine no other way to construe these two provisions.  Accordingly, I would hold that, pursuant to R.C. 742.01(E), a contributor to the Police and Firemen's Disability and Pension Fund who has been dismissed, resigns, or granted a leave of absence from the police or fire department remains a member of the fund for a period of twelve months following the dismissal, resignation, or leave of absence, and any application for disability benefits filed under R.C. 742.37(C)(2) must be filed before the twelve-month period expires.

Based on the foregoing I believe that the fund properly denied Gutierrez's application.  The Youngstown Police Department terminated Gutierrez's employment on December 6, 1982 for cause,

and he did not file for disability benefits until June 20, 1990. Because he was not a member of the fund at the time of his application, he was ineligible for consideration of disability benefits.

Accordingly, I would affirm the judgment of the court of appeals.